UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1;16-cr-0187-SEB-MJD |
| | ) | |
| ANTHONY DAVIS, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On August 13, 2019, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on August 9, 2019.  Defendant Davis appeared in person with his appointed counsel Gwendolyn Beitz.  The government appeared by Abhishek Kambli, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer Angela Smith.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Davis of his rights and provided him with a copy of the petition.  Defendant Davis orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Davis admitted violation numbers 1, 2, 3, and 4.  [Docket No. 131.]

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall not use or possess any controlled substances prohibited by applicable state or federal law unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage."** |

On July 30, 2019, this officer conducted a home visit and observed some marijuana residue on an ottoman but Mr. Davis denied having marijuana inside the residence. This officer instructed him at that time to report to the office to provide a urine sample. The results of that sample returned positive for cannabinoids. On August 6, 2019, this officer met with him and discussed his positive test results to which he eventually admitted continued use of marijuana.

| | |
|---|---|
| 2 | **"You shall maintain lawful full time employment."** |

On July 8, 2019, the offender started a job at Indy Hanger and Supply working 6:00am to 4:30pm. He was terminated from the position on July 9, 2019, for failure to follow instructions and failure to return from breaks on time. He has failed to gain employment since July 9, 2019.

| | |
|---|---|
| 3 | **"You shall be monitored by GPS Monitoring via a curfew for a period of six months, to commence as soon as practical, and shall abide by all the technology requirements."** |

Mr. Davis' original curfew was set at Monday through Friday 7:00am to 7:00pm and Saturday through Sunday 12:00pm to 5:00pm. On July 7, 2019, he was given an extended schedule because of his new employment. His schedule was Monday through Sunday from 5:30am to 9:30pm. On July 30, 2019, Mr. Davis, when asked about his work schedule, did not report that he had been fired from his job on July 9, 2019. On August 6, 2019, he admitted he did not report employment changes to this officer. As a result of not reporting those employment changes he had a very lenient curfew that would not have been given to him otherwise. He knew it was his obligation to report changes to this officer as his curfew schedule is determined by employment and other necessary appointments.

| | |
|---|---|
| 4 | **"You shall participate in a substance abuse treatment program approved by the probation officer."** |

Mr. Davis was previously not compliant with treatment sessions with the original provider, but there was a halt in services at that location due to a change in the Recovery Works grant. Given that issue, he was referred on

>July 30, 2019, to Indianapolis Treatment Center (ITC) for weekly treatment. He was instructed to contact ITC on that date to get set up for services. No contact was made. This officer received communication from ITC indicating they were having trouble reaching the offender to schedule him for treatment. At that time they advised he must report Monday through Friday between the hours of 6:00am and 8:00am to complete registration, at which time he would be set to start treatment. On August 6, 2019, he was instructed to report on August 7, 2019, at 7:00am to ITC to complete the registration process. This officer reviewed his GPS points and saw he did not leave home until 9:00am and arrived at the treatment center at 9:21am. He left the treatment center a few minutes after his arrival. He was advised since he arrived outside their intake hours, he needed to come back another morning during those hours. He has yet to report to get set up for services. On August 6, 2019, he indicated he needed help for his issues with marijuana and this officer located an additional option that would include a very strict program, where he would live on site and do treatment in the facility, as well as the program could provide assistance with mental health, physical health, employment, transportation and more. This officer obtained an assessment appointment for him for August 8, 2019, at 9:45am. He was advised of the importance of being on time on August 8, 2019, and indicated he would report. On August 8, 2019, this officer spoke with the program coordinator who stated the offender reported at 10:15am, at which time he was told the coordinator would return shortly from helping another resident and would meet with him, despite his tardiness. He then told the staff that he did not want a tour of the house, nor would he wait and they could call him. The coordinator attempted to call him but was unable to get through on the number provided. At this time, the coordinator does not feel Mr. Davis would be able to handle the strict accountability of their program and would not be a good fit for their program.

4. The parties stipulated that:

   (a) The highest grade of violation is a Grade C violation.

   (b) Defendant's criminal history category is III.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 5 to 11 months' imprisonment.

5. The parties jointly recommended a sentence of eight (8) months with no supervision to follow.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of eight (8) months with no supervised release to follow. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation. The Magistrate Judge will make a recommendation of placement at FCC Terre Haute.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Date: 8/14/2019

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system